# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SERGIO BANUELOS VILLAVA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-09-971-F |
| ) | |
| WARDEN LOREN GRAYER, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order by United States District Judge Stephen P. Friot, the matter[1] has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the Court is the motion to dismiss of the State of Oklahoma and the Oklahoma Attorney General in which they contend that they are not the proper respondents. Petitioner has failed to respond, but the time for doing so has now passed and the matter is thus at issue. Local Civil Rule 7.1(g). For the following reasons, it is recommended that the petition be dismissed in its entirety for failing to raise a claim cognizable in this habeas action, and that the motion to dismiss be denied as moot.

## I. BACKGROUND

Petitioner is a federal prisoner currently confined at the United States Penitentiary in

---

[1]This case was originally filed in the United States District Court for the Northern District of Georgia, but was transferred to this Court on September 1, 2009. [Doc. No. 2].

Atlanta, Georgia. However, his petition concerns a motion to revoke the suspended sentence imposed in connection with his Oklahoma state conviction for use of a vehicle in discharge of a weapon. Petition, 2;[2] Case No. CF-2000-239, District Court of Stephens County. In his single ground for relief, Petitioner claims that his right to due process has been violated by the Stephens County District Court's failure to hold a hearing on the motion for revocation. Petition, 5. He contends that the Stephens County District Court issued a bench warrant on March 24, 2007, for his failure to appear at a March hearing on the revocation motion, and that he has been in federal custody since March 1, 2007. Petition, Unnumbered page following p. 5. He claims that the "probation violation warrant" from the District Court of Stephens County was "executed" on October 25, 2007. Id.

## II. DISCUSSION

The State of Oklahoma and the Oklahoma Attorney General move for dismissal on grounds that Petitioner is currently in custody of the Federal Bureau of Prisons, and that neither the State of Oklahoma nor the Oklahoma Attorney General are proper respondents. Brief in Support of Motion to Dismiss the State of Oklahoma and Attorney General as Parties Respondent (State's Brief in Support), 1-2. To the extent he is challenging the pending revocation motion, the Respondents contend that the Stephens County Sheriff would be the proper respondent. Id. at 2. Because the undersigned finds that Petitioner has failed to raise a claim cognizable in this federal habeas action, it is recommended that the action be

---

[2] The page numbers used are the pre-printed page numbers at the bottom of the "form" petition. Page 2 is actually the first page of the "form" petition.

dismissed and the pending motion to dismiss be denied as moot.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." Petitioner's claim for habeas relief is based on his contention that the Stephens County District Court has failed to hold a hearing on the revocation motion despite his request, and that this violates his constitutional right to due process. Petition, 5. However, because Petitioner is not currently in the custody of the "paroling authority," the undersigned finds that his right to due process with regard to the warrant has not yet attached. As stated by the Tenth Circuit Court of Appeals:

> Petitioner also misapplies the Supreme Court's rationale in which the Court held that due process safeguards, including, but not limited to, a prompt "preliminary hearing" inquiry followed by a revocation hearing within a reasonable time, attach after the parolee is taken into custody by the paroling authority. Where Petitioner has been convicted of an intervening offense, the preliminary hearing is unnecessary because probable cause has already been established by the subsequent conviction.
>
> The hearing requirements and time limitations must be adhered to only after the parolee is taken into custody as a parole violator.

McDonald v. New Mexico Parole Bd., 955 F.2d 631, 633 (10th Cir. 1991) (citations and footnote omitted) (citing Morrissey v. Brewer, 408 U.S. 471(1972)). Although Petitioner fails to explicitly rely on the related protections of the Interstate Agreement on Detainers Act (IADA), that act "only applies to detainers lodged on *untried criminal* charges and has no applicability to probation or parole revocation detainers." Id.; Okla. Stat. tit. 22, § 1347;

Carchman v. Nash, 473 U.S. 716, 725-26 (1985); Hough v. Alderden, Nos. 06-1509, 07-1023, 236 Fed. Appx. 350, 351-52 (10th Cir. May 29, 2007).[3]

Here, it is clear that Petitioner is and has been in federal custody since March 1 or 2, 2007,[4] and although there is a pending bench warrant for his failure to appear at a hearing on the State's motion for revocation, Petitioner is not entitled to due process safeguards with regard to that warrant until he is taken into custody by the State. McDonald, 955 F.2d at 633. Also, by its terms, the IADA only applies to detainers lodged with regard to outstanding criminal charges. Id.. Accordingly, it is recommended that the petition be dismissed on filing.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus under § 2254 be dismissed, and Respondent's motion to dismiss [Doc. No. 10] be denied as moot. Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court on or before January 11, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th

---

[3]Unpublished decision cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[4]Petitioner alleges that he was taken into custody by federal authorities on March 1, 2007, whereas the docket sheet in his state criminal case reflects that he was taken into federal custody on March 2, 2007. Compare Petition, unnumbered page following p. 5 with State's Brief in Support, Ex. 1, p. 4.

Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge.

**ENTERED this 21st day of December, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE